# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY ELLEN KOVACS,**
        Appellant,

    v.                                      Case No. 11-CV-01140

**UNITED STATES DEPARTMENT OF JUSTICE,**
        Appellee.

## DECISION AND ORDER

### I. BACKGROUND

After plaintiff Nancy Kovacs failed to pay all of the taxes she owed, she entered into an agreement with the Internal Revenue Service ("IRS") to resolve her tax liabilities for the years 1990 through 1995. The agreement required her to timely pay her taxes through 2001. Plaintiff failed to pay her 1999 taxes resulting in her liabilities being reinstated. Plaintiff then filed for bankruptcy, and her debts including her tax liabilities for the years 1990–95 were discharged under 11 U.S.C. § 524. The discharge operated as an injunction barring the IRS from attempting to collect the discharged liabilities.

Nevertheless, on November 5, 2001, the IRS sent plaintiff a notice stating that it was applying her 2000 tax refund to her 1991 tax indebtedness. Plaintiff contacted the IRS, but a misinformed service representative told her that not all of her liabilities had been discharged. Plaintiff then hired an attorney. Despite her attorney's efforts, on July 8, 2002, the IRS mailed plaintiff notices of intent to levy for the years 1990–95. Finally, on August 13, 2003, an IRS appeals officer realized the IRS had erred and undertook to correct the

error. On September 8 and 18, 2003, plaintiff received form collection letters from the IRS, but the IRS subsequently ceased collection activity and credited plaintiff for the tax refunds it had mistakenly applied to her 1990–95 tax liabilities.

On January 19, 2005, pursuant to 26 U.S.C. § 7433(e), plaintiff filed an administrative claim for damages for the IRS's violations of the bankruptcy discharge injunction. Under § 7433(e), a taxpayer may recover damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates [11 U.S.C. § 524]." The IRS did not respond to the administrative claim, and plaintiff filed the present lawsuit in the bankruptcy court. The IRS moved to dismiss arguing that plaintiff's claims were barred by § 7433(d)'s two-year statute of limitations. However, the bankruptcy court denied the motion holding that under 11 U.S.C. §§ 105(a) and 106 it had discretion to grant plaintiff relief. The IRS then conceded that it had willfully violated the discharge injunction, and the court held a trial on damages. Plaintiff requested $8,622 in attorneys fees incurred before litigation as part of her actual damages and $106,198 in costs and attorney's fees incurred as part of the litigation. Pursuant to 26 U.S.C. § 7430(a), the court found that plaintiff was the prevailing party and that the IRS's position was not substantially justified and plaintiff was therefore entitled to attorney's fees incurred before and after the commencement of the litigation. However, the court also found that plaintiff had played a substantial role in protracting the litigation and that § 7430 capped attorney's fees at $150 an hour. The court, therefore, awarded plaintiff $25,000.

Plaintiff appealed the bankruptcy court's ruling on damages to this court, and the IRS cross-appealed the ruling on the statute of limitations. Judge Stadtmueller heard the

case and remanded it to the bankruptcy court. After the bankruptcy court's decision, plaintiff again appealed to this court, and the case ultimately went to the Seventh Circuit. The Seventh Circuit determined that § 7433 provided the exclusive remedy for a § 524 violation and that § 7433(d)'s limitation period applied and barred all of plaintiff's claims except for those based on the September 2003 letters. On remand, the bankruptcy court held that plaintiff's only damages were attorney's fees, and that plaintiff's attorneys reasonably spent 25 hours in connection with the September 2003 letters. The court multiplied 25 hours by $150, the statutory hourly rate, and awarded plaintiff $3,750 in attorney's fees.

Plaintiff appealed to this court a third time. She claimed first that the attorney's fees she incurred before commencing suit were not subject to § 7430's rate cap because they were part of her "actual, direct economic damages" under § 7433(b)(1). She also argued that the bankruptcy court had erred by only awarding her fees relating to the September 2003 letters. Plaintiff contended that as the prevailing party she was entitled to all of her fees for the entirety of the litigation, which by that time amounted to some $155,000. The IRS cross-appealed arguing that, in view of the Seventh Circuit's rejection of most of her claims, the bankruptcy court erred by awarding plaintiff fees without first making a new finding on whether she was the prevailing party.

Plaintiff's appeal was assigned to Judge Randa who found that plaintiff was not entitled to attorney's fees as part of her "actual, direct economic damages" under § 7433. He found that plaintiff could obtain attorney's fees only under § 7430. Applying § 7430, Judge Randa found that the bankruptcy court complied with governing law and did not abuse its discretion in awarding plaintiff $3,750 in fees, but that the bankruptcy court

3

should have made a new ruling on whether plaintiff was the prevailing party and whether the IRS's legal position was substantially justified. Accordingly, he remanded the case to the bankruptcy court.

On remand, the bankruptcy court found that plaintiff was the prevailing party and that the IRS's position was not substantially justified.[1] Thus, the court re-affirmed its award of $3,750 in attorney's fees. Plaintiff now appeals for the fourth time, and the IRS cross-appeals.

## II. DISCUSSION

As part of her appeal, plaintiff seeks reconsideration of several of Judge Randa's rulings. However, under the law-of-the-case doctrine, "[m]atters decided on appeal become the law of the case to be followed on a second appeal, unless there is plain error of law in the original decision." *Sierra Club v. Khanjee Holding (U.S.), Inc.*, 655 F.3d 699, 704 (7th Cir. 2011); *see also Williams v. C.I.R.*, 1 F.3d 502 (7th Cir. 1993) (stating that a court should not reconsider its rulings on a subsequent appeal "unless there is a compelling reason, such as an intervening change in law, to do so").

I find no plain errors of law in Judge Randa's decision. Plaintiff's primary contention is that Judge Randa should have required the bankruptcy court to recalculate the amount of attorney's fees due because the bankruptcy court awarded her only the fees associated with her successful claims. However, as Judge Randa correctly held, the bankruptcy court

---

[1] Throughout its opinion, the bankruptcy court characterized the award of attorney's fees as an award of "damages." The term "damages" is confusing because the parties dispute whether plaintiff may recover attorney's fees as part of her actual damages under § 7433. Nonetheless, the opinion makes clear that the bankruptcy court awarded plaintiff attorney's fees under § 7430.

4

had broad discretion when awarding fees. One factor the bankruptcy court could consider was the result obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When a party succeeds on some but not all of its claims, a court may properly find that the work performed on the unsuccessful claims did not contribute to the result achieved. *Id.* at 434–35. Here, plaintiff succeeded on her claims regarding the IRS's September 2003 letters but failed on her claims regarding the IRS's July 2002 letters. The bankruptcy court did not abuse its discretion in finding that plaintiff's successful claims were sufficiently distinct from her unsuccessful claims such that she was only entitled to the fees associated with the former. *See Kovacs v. U.S.A.*, 614 F.3d 666, 675 (7th Cir. 2010) (describing the September 2003 letters as "discrete and independently actionable violations of the discharge injunction"). Thus, I decline to reconsider issues previously resolved by Judge Randa and will only address the bankruptcy court's most recent decision.

In its latest ruling, the bankruptcy court held that plaintiff was the prevailing party and that the IRS's litigation position was not substantially justified. I review its findings for abuse of discretion. *See Wilfong v. U.S.*, 991 F.2d 359, 364 (7th Cir. 1993). "[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

A prevailing party is one which "has substantially prevailed with respect to the amount in controversy, or . . . with respect to the most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A). The bankruptcy court found that plaintiff was the prevailing party because she established that the IRS willfully violated the discharge

5

injunction and thus prevailed on the most significant issue. The IRS argues that the bankruptcy court applied the wrong legal standard. It contends that it is irrelevant whether plaintiff prevailed on the most significant issue and that plaintiff had to show that she prevailed with respect to the amount in controversy. The IRS argues that the following regulation limits the scope of § 7430:

> If, following the [IRS's] denial of an administrative claim for damages, a taxpayer files a petition in the bankruptcy court challenging that denial in whole or in part, *substantially prevails with respect to the amount of damages in controversy*, and meets the requirements of section 7430(c)(4)(A)(ii) (relating to net worth and size requirements), the taxpayer will be considered a prevailing party for purposes of section 7430 . . . .

26 C.F.R. § 301.7433-2(h)(1) (emphasis added). The IRS unnecessarily reads this regulation as being in conflict with the statute. "A statute and its implementing regulations should be read as a whole and, where possible, given a harmonious interpretation." *Carmichael v. The Payment Center, Inc.*, 336 F.3d 636, 640 (7th Cir. 2003); *see also Robbins v. Bentsen*, 41 F.3d 1195, 1198 (7th Cir. 1994) (holding that a court should not read a regulation as being in conflict with the statute "where such a reading is unnecessary"). Section 7430 allows plaintiff to establish that she is the prevailing party in two different ways, and the regulation merely describes one of them. It does not preclude plaintiff from proving that she is the prevailing party by showing that she prevailed on the most significant issue. Thus, I conclude that the bankruptcy court did not abuse its discretion when it found that plaintiff was the prevailing party.

Nor did the court abuse its discretion in determining that the IRS's position was not substantially justified. A party's position is substantially justified if it has a reasonable basis in both law and fact. *Wilfong*, 991 F.2d at 364. The bankruptcy court found that the IRS's

position was not justified because it failed to respond to plaintiff's administrative claim and waited until trial before admitting that it had violated the discharge injunction. The IRS's failure to respond to the administrative claim constituted "a denial of the claim on the grounds that the [IRS] did not willfully violate [11 U.S.C. § 524]." 26 C.F.R. 301.7433-2(h)(1). The IRS waited over two years to change its positions. These actions forced plaintiff to file the present suit and to prepare for trial. Even though the IRS raised a reasonable statute-of-limitations defense, its delay in conceding the underlying violation was unreasonable.

The IRS argues that the bankruptcy court should have separately analyzed the IRS's position at the administrative and trial levels. I disagree. First, it is unclear whether a separate analysis is required. Section 7430 defines the "position of the United States" as both "the position taken by the United States in a judicial proceeding . . . *and* the position taken in an administrative proceeding." *See* 26 U.S.C. § 7430(c)(7) (emphasis added). The Seventh Circuit has noted that this provision allows a court to consider the government's administrative position when determining whether the government's in-court position was justified. *See also Zinniel v. C.I.R.*, 883 F.2d 1350, 1355 n.8 (7th Cir. 1989). Second, the bankruptcy court found that the IRS's position was unjustified at both the administrative and trial court levels. Thus, the court would have reached the same result if it had bifurcated its analysis.

For the foregoing reasons, I will affirm the bankruptcy court's award to plaintiff of $3,750 in attorney's fees.

7

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the judgment of the bankruptcy court is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 6th day of August 2012.

s/ Lynn Adelman<br>LYNN ADELMAN<br>District Judge