# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY ELLEN KOVACS,**
        **Appellant,**

     v.                                  **Case No. 11-CV-01140**

**UNITED STATES DEPARTMENT
OF JUSTICE,**
        **Appellee.**

## ORDER

Plaintiff-appellant Nancy Kovacs brought this adversary proceeding in the bankruptcy court against defendant-appellee the United States of America on August 11, 2005. Since then she has appealed from rulings by the bankruptcy judge on four different occasions. I heard the most recent appeal and affirmed the bankruptcy court's ruling. Appellant now appeals my ruling. This will be the second appeal heard by the Seventh Circuit in this case.

In response to the notice of appeal, the clerk of this court sent the parties a letter listing the documents that will be included in the record on appeal. Pursuant to Circuit Rule 10, the clerk excluded a variety of miscellaneous documents, including notices of filings, summonses, motions to extend time, etc. Appellant now asks the clerk to modify the record for appeal by adding back in all of these documents. This seems excessive, but it is permissible. Circuit Rule 10(a) says that any documents in the district court record can be included in the record for appeal if they are "specifically requested by a party."

The problem is that appellant goes one step further and also asks the clerk to include every document filed in this court and in the court of appeals in connection with her three earlier appeals. The final decisions issued by this court were docketed in the bankruptcy court upon remand so they are already in the record. What appellant asks the clerk to add are the miscellaneous papers filed in connection with each appeal. For example, she asks the clerk to include a copy of the standard briefing letter that the clerk of this court sent to the parties each time there was an appeal. I am concerned that this request imposes an unnecessary burden on the clerk who will need to compile the record and on the court of appeals judges who will need to sift through it. Therefore, I will order appellant to submit a supplemental brief explaining why she needs these additional documents. I will also give appellee an opportunity to respond.

**THEREFORE, IT IS ORDERED** that appellant has until **August 12, 2013** to file a supplemental brief in support of her request to add documents to the record on appeal.

**IT IS FURTHER ORDERED** that appellee has **10 days** following the filing of appellant's brief to file a response, if any.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge