# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY ELLEN KOVACS,**
    **Appellant,**

  v.             Case No. 11-CV-01140

**UNITED STATES DEPARTMENT**
**OF JUSTICE,**
    **Appellee.**

## ORDER

Plaintiff-appellant Nancy Kovacs brought this adversary proceeding in the bankruptcy court against defendant-appellee the United States of America on August 11, 2005. Since then she has appealed from rulings by the bankruptcy judge on four different occasions. I heard the most recent appeal, and appellant now appeals my ruling. In response to the notice of appeal, the clerk of this court sent the parties a letter listing the documents that will be included in the record on appeal. Appellant asks the clerk to modify the proposed record for appeal.

The documents in the proposed record include the record received from the bankruptcy court, which includes every document filed in the bankruptcy court to date, and most of the documents filed in this court in connection with the present appeal. The only documents the clerk excluded were the standard briefing letter issued by the clerk of this court and a scheduling order that I issued setting the date for a telephone status conference. These documents were excluded under Circuit Rule 10, which requires the clerk to exclude miscellaneous documents that are usually not relevant to an appeal

including notices of filings, summonses, motions to extend time, etc. Appellant asks that these two documents be added to the record for appeal. This request seems unnecessary, but Circuit Rule 10(a) says that any document in the district court record can be included in the record for appeal if "specifically requested by a party." Therefore, I will order the clerk to add these documents and every other document filed in connection with the present appeal to the record for appeal.

Appellant also asks the clerk to add to the record for appeal every document filed in this court and in the court of appeals in connection with her three earlier appeals. The final decisions issued as a result of these appeals were docketed in the bankruptcy court upon remand so they are already in the record. What appellant asks the clerk to add are all of the briefs and miscellaneous papers filed in connection with each appeal. I will deny this request for two reasons. First, appellant has not explained why she needs them. Because her request to modify the record seemed overly broad, I asked her to explain why she needs these documents. Her brief in response says nothing about the documents filed during the appellate proceedings. Second, I do not have the authority to add these documents to the record. Fed. R. App. P. 10 states that the record on appeal includes: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Briefs and miscellaneous documents filed in connection with earlier appeals do not fit into any of these categories.

**THEREFORE, IT IS ORDERED** that appellant's request to modify the record for appeal is **GRANTED IN PART** and **DENIED IN PART**. The clerk shall include in the record

2

for appeal the record on appeal from the bankruptcy court (Docket #1) and all of the other documents filed in this court in connection with the present appeal (Docket #2–21).

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge